46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James W. WHITE and Intrepid Production Company, Plaintiffs-Appellants,
v.
STATE OF ALASKA, Oil and Gas Conservation Commission, et
al., Defendants-Appellees.
 No. 93-35646.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Nov. 18, 1994.*
Decided: Jan. 5, 1995.
 
 1
 Before: ALARCON, HALL, Circuit Judges and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 James W. White and Intrepid Production Company appeal from the district court's dismissal of their section 1983 action and the denial of their motion for reconsideration on Eleventh Amendment and qualified immunity grounds. We affirm.
 
 I.
 
 4
 Defendants filed a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). The motion was a facial attack on jurisdiction, based principally on the argument that plaintiffs' suit was barred by sovereign immunity. Thus, the question is whether the allegations of the complaint, taken as true, supported the district court's jurisdiction.
 
 
 5
 The Eleventh Amendment to the United States Constitution is a jurisdictional bar to private suits brought by individuals against states and their instrumentalities. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). This bar applies even where a state is not named a party to the action if "the action is in essence one for the recovery of money from the state ...." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (quoting Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Ronwin v. Shapiro, 657 F.2d 1071, 1073 (9th Cir. 1981) ("Where the state is in fact the real party in interest [the Eleventh Amendment] bar cannot be circumvented by naming an individual state official or state agency as a nominal defendant"). In this case, plaintiffs sought damages as well as injunctive relief.
 
 
 6
 States and state officials sued in their official capacities are not "persons" who may be sued for a section 1983 violation. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). However, the Young doctrine provides an exception to the Eleventh Amendment bar under which persons may seek prospective injunctive and declaratory relief against state officers sued in their official capacities for alleged violations of federal law. Ex parte Young, 209 U.S. 123 (1908); Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985) ("official-capacity actions for prospective relief are not treated as actions against the State.") In Edelman, the Court stated that Young only permits prospective relief intended to compel state officers to conform their conduct to federal law. Edelman, 415 U.S. at 667-68. In that instance, the state official would be treated as a "person" under Sec. 1983. Will, 491 U.S. at 71, n. 10.
 
 
 7
 Appellants argue that the Young exception applies here because they are seeking prospective relief against persons acting in their individual capacities and that the district court therefore erred when it dismissed this action on Eleventh Amendment grounds. In deciding whether the requested relief is prospective or retrospective, the Court must "look to the substance rather than to the form of the relief sought." Papasan v. Allain, 478 U.S. 265, 279 (1986). In the case at bar, plaintiffs are seeking relief that would restore them to the position they occupied before defendants' allegedly illegal actions.[1] Therefore, we agree with the district court's assessment that plaintiffs sought retrospective relief. Young is inapplicable to this case.
 
 
 8
 We affirm the district court's dismissal of the federal and supplemental state law claims against defendant Leigh Griffin on Eleventh Amendment grounds.[2] Griffin was clearly sued in an official capacity given that she was not a commissioner with the Alaska Oil and Gas Conservation Commission ("AOGCC") at the time of the alleged wrongdoing, but was named only as successor to commissioner Lonnie Smith.
 
 II.
 
 9
 The remaining individual defendants are entitled to qualified immunity. A qualified immunity determination requires a two-part analysis: (1) Was the law governing the official's conduct clearly established? (2) Under that law, could a reasonable officer have believed the conduct was lawful? See Act Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993).
 
 
 10
 Plaintiffs bear the burden of proving that the right the defendants allegedly violated was clearly established at the time of the alleged misconduct, yet they have made no argument on this point at all. Davis v. Scherer, 468 U.S. 183, 197 (1984); Baker v. Racansky, 887 F.2d 183, 186 (9th Cir. 1989). Essentially, Appellants are claiming that defendants' application of the Alaska Administrative Code harmed them -- e.g., the Commission members "informed the trustee that he was not authorized to act as operator of the well unless he qualified with his own operator's bond" -- and that defendant Eason's interpretation of the relevant contract was erroneous. The amended complaint alleges due process and equal protection violations arising out of the allegedly arbitrary refusal to grant various approvals and the arbitrary termination of a lease. The right to due process and equal protection is, of course, clearly established by the Due Process and Equal Protection clauses and "there is a sense in which any action that violates [those] Clause[s] (no matter how unclear it may be that the particular action is a violation) violates a clearly established right...." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (emphasis added). However, "if the test of 'clearly established law' were to be applied at this level of generality, it would bear no relationship to ... 'objective legal reasonableness."' Id. See also Curnow v. Ridgecrest Police, 952 F.2d 321, 324 (9th Cir. 1991) ("[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.") Appellants' claims, as stated in the amended complaint, are too general to establish a violation of a clearly established right such that a reasonable official would understand that his actions were violative of that right. Further, plaintiffs have no clearly established right to particular determinations in their favor by the AOGCC and the Alaska Department of Natural Resources.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34.4
 
 
 **
 The Honorable Samuel P. King, Senior District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The amended complaint sought "an order enjoining defendants from continuing to prevent the operator of ADL 359242 and its employees and agents from performing work on the lease and requiring Defendant Commissioners to inform the Alaska Department of Natural Resources that the Commissioners were wrong ... in denying the application ... for such permission and requesting that the action taken by the Department be reversed and the lease reinstated; and for an order enjoining Defendant Eason from continuing to deny Plaintiff White his interest in ADL 359242 and ordering him to reinstate the lease in White's name." (emphasis added)
 
 
 [2]
 See Pennhurst, 465 U.S. at 106 (Eleventh Amendment bars official-capacity suits in federal court, for both retrospective and prospective relief, brought against state officials for alleged violations of state law)